811 F.2d 1504
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harvey CULP, Jr., Plaintiff-Appellant,
v.
NORTH CAROLINA PRISON DEPARTMENT, Defendant-Appellee.
 No. 86-7262.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 23, 1986.
Decided Feb. 5, 1987.
 
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Harvey Culp, Jr., appellant pro se.
 PER CURIAM:
 
 
 1
 Harvey Culp, Jr., an inmate confined at the Federal Correctional Institute in Butner, North Carolina, seeks to appeal the judgment of the district court dismissing this complaint brought under 42 U.S.C. Sec. 1983. We vacate the district court's dismissal and remand for further proceedings.
 
 
 2
 Culp alleged in his complaint that the North Carolina Prison Department unduly punished him by failing to give him "jail time credit," "good time credit," and "earn time credit" which caused him to serve approximately twenty months beyond his release date. Specifically, Culp alleged:
 
 
 3
 I was a state prisoner in the North Carolina Prison Department From August 2, 1968 to July 3, 1984: 1) The Petitioner claims that the Court gave him Jail Time Credit for waiting on an appeal. Petitioner says that he stayed on Appeal for one year and fourty days and that the 4th Crt. Court gave him Time Credit for staying on the Appeal from August 2, 1968 to September 12, 1969; 2) Petitioner also states that during his time in prison he did not receive any Good-Time. Petitioner claims that he has had jobs in several camps he was shipped to and that he did not get any Time-Off for working for the Prison Department. 3) Petitioner claims that the Prison Department has used punishment against him by keeping him in prison when his time was up and that they did not give him his Earn-Time he worked for which is Gain-Time earning; 4) Petitioner says his time should have expired in 1982, sometime in November. The Prison Department did not let the Petitioner out at this time and the Petitioner, therefore, feels that this was undue punishment upon him. Petitioner says he was doing a 20 year sentence for Breaking and Entering and for Larceny: (10 years on each count).
 
 
 4
 The district court analyzed Culp's allegations under the rules set forth in Parratt v. Taylor, 451 U.S. 527 (1981), and Hudson v. Palmer, 468 U.S. 517 (1984). It concluded that Culp failed to state an actionable claim under Sec. 1983, because the availability under North Carolina law of a false imprisonment action provided all the process due to Culp for his excess confinement. It therefore dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 5
 We find that the district court improperly dismissed Culp's complaint. Although the rules in Parratt and Hudson foreclose Culp's procedural due process claims based on random and unauthorized acts of state officials, the complaint may state a procedural due process claim based on conduct pursuant to "established state procedure," or a claim of cruel and unusual punishment in violation of the eighth amendment. See Haygood v. Younger, 769 F.2d 1350 (9th Cir.1985), cert. denied, --- U.S. ----, 54 U.S.L.W. 3866 (June 24, 1986).
 
 
 6
 Because we cannot find "beyond doubt" and under any "arguable" construction, "both in law and in fact", of the substance of Culp's claims, that he would not be entitled to relief, see Boyce v. Alizaduh, 595 F.2d 948 (4th Cir.1979), we vacate the district court's dismissal and remand the case for further proceedings. We grant leave to proceed in forma pauperis. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 7
 VACATED AND REMANDED.